*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-194

DECEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Leo Corbeil | } | DOCKET NOS. 1530-12-11 Wncr & |
| | | 116-12-11 Wncs |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

The State appeals the dismissal of the criminal charge of driving under the influence (DUI), fourth offense, and the civil suspension of defendant's driver's license. We reverse.

On November 25, 2011, at approximately 10 p.m. a police officer stopped defendant's vehicle after noticing that one of the vehicle's fog lights was not functioning. Upon approaching the vehicle, the officer observed indicia of intoxication. A preliminary non-evidentiary breath test revealed a blood-alcohol content (BAC) of .179. Two hours later, defendant submitted to an evidentiary breath test that revealed a .134 BAC. As a result, defendant was charged with DUI, fourth offense, and was provided notice that the State intended to seek the civil suspension of his driver's license.

In February 2012, defendant filed a motion to suppress and dismiss, alleging that the police officer stopped his vehicle without sufficient legal justification. The State opposed the motion and requested a hearing. The court denied the State's request for a hearing and granted defendant's motion in two motion-reaction forms, stating that no hearing was necessary because the issue was clear as a matter of law and that malfunctioning optional equipment like fog lights could not provide sufficient legal justification for a motor vehicle stop. The State appeals, relying principally on our holding in State v. Thompson, 175 Vt. 470 (2002) (mem.).

We agree that Thompson controls and requires reversal here. In Thompson, which involved two consolidated cases, one defendant had been stopped because his vehicle was missing a bumper and the other defendant had been stopped because his vehicle was missing a driver's side rearview mirror. Both defendants filed motions to suppress, arguing that because the missing equipment was not standard equipment required for motor vehicles to be properly

equipped, the police did not have a reasonable and articulable suspicion in either case that a motor vehicle violation was taking place. See State v. Lussier, 171 Vt. 19, 34 (2000) (stating standard for investigatory stop of vehicle). The defendant with the missing bumper prevailed at trial, while the defendant with the missing side rearview mirror did not. We concluded that "there was a legal basis for the stop in both cases." Thompson, 175 Vt. at 471. We found no need to resolve the question of whether the missing equipment was standard or optional; rather, we determined that the stop in both cases was justified because "at the time of the stops, there was a reasonable possibility that defendants were committing a traffic offense—operating a vehicle without a valid inspection certification." Id. at 472. We reasoned that because the Vermont Periodic Inspection Manual required vehicles manufactured with a bumper and a driver's side rearview mirror to have that equipment, the vehicles in those cases would not have passed inspection without the equipment. Id. at 471. We concluded that the missing equipment "and the fact that both vehicles were stopped after dark, making a passing examination of the date of the vehicles' current inspection certificate difficult or impossible, [were] sufficient to establish a reasonable and articulable suspicion that a traffic offense was being committed." Id. at 472.

The same is true here. The section in the Vermont Periodic Inspection Manual dealing with lights expressly states that an inspection includes "all original equipment, exterior lighting plus whatever lights have been added." See http://dmv.vermont.gov/sites/dmv/files/pdf/DMV-VN112-Vehicle_Inspection_Manual.pdf. Significantly, the manual states: "If a vehicle is equipped with a light, it must work properly." Id. Indeed, according to the Manual, a vehicle must be rejected if "[a]ny bulb or sealed beam unit fails to light." Id. Thus, the same reasoning as in Thompson applies here. The fact that defendant was operating his vehicle with a nonfunctioning fog light indicates that the vehicle would not have passed inspection, and thus the officer's nighttime observation of the vehicle without a functioning fog light created legal justification for the stop—the reasonable possibility that defendant was committing a traffic offense by operating a vehicle without a valid inspection sticker.

We reject defendant's contention that Lussier rather than Thompson controls. In Lussier, which also involved two consolidated cases, this Court upheld a stop grounded on one of two taillights not operating, but declined to uphold a stop grounded on one of two rear license plate lights not operating. We concluded that Vermont law required two taillights on a car but did not require two operating lights to illuminate a car's rear license plate. Lussier, 171 Vt. at 36-37. We noted that the State had not presented any evidence that the numbers or letters on defendant's rear license plate were not illuminated to the degree required by law. Id. at 37. Apparently, neither the parties, nor the trial court, nor this Court raised or addressed the question of whether the stop for the inoperable plate light could have been justified based on the reasonable possibility that the vehicle did not have a current inspection sticker. In contrast, the trial court in one of the cases in Thompson denied the defendant's motion to suppress based on its determination "that the term 'properly equipped' under 23 V.S.A. § 1221 encompassed the regulations governing motor vehicle inspections." 175 Vt. at 471. This Court, in turn, addressed the issue of whether the stops in those cases were justified based on the reasonable possibility that the vehicles did not have current inspection stickers. In doing so, we even cited Lussier. In

2

short, <u>Lussier</u> simply did not address the issue raised in <u>Thompson</u>, which controls here.  There is nothing about lights, as opposed to other motor vehicle equipment, that precludes our reasoning in <u>Thompson</u> from applying here.

<u>The order of the superior court, criminal division, entered on February 15, 2012, is reversed, and the matter is remanded with instructions for the court to deny defendant's motion to suppress and dismiss</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice